### UNITED STATES, for the Use of HELIE, v. GREAT AMERICAN INDEMNITY CO.
### No. 25.

District Court, D. New Hampshire.
Dec. 27, 1939.

Laurence Duncan, of Concord, N. H., for plaintiff.

Abraham Goldman, of New York City, and Donald Knowlton, of Concord, N. H., for defendant.

MORRIS, District Judge.

This matter arises upon the defendant's motions to set aside the verdict of the jury and for a new trial.

The action was brought under Section 270b, 40 U.S.C.A. There was a trial by jury and a verdict in favor of the plaintiff for the sum of $794.02. There was ample evidence from which the jury could find the following facts:

The Andover Associates, Inc., entered into a contract with the United States Government to construct a post-office at Lebanon, New Hampshire. The Great American Indemnity Company entered into a surety bond with the United States in the sum of $26,562 to secure the faithful performance of the contract by the Andover Associates, Inc.

Edgar G. Helie in whose behalf this action was brought was a subcontractor who undertook to perform certain labor on the job for the Andover Associates. Helie, anxious to obtain the work on the job for himself and his men, submitted a bid to the contractor to do certain parts of the work. His first bid was for $3,190, which was rejected. Subsequently he sent in another bid for the sum of $2,800 and was asked to come to New York, the main office of the Andover Associates, for a conference relating thereto. There he met the manager of the company and the terms of a contract were discussed. Among the items submitted in the bid was one for, "Frame for roofing and celotex. Also gutter all around, that is finishing all around the roof and board it up. Sky-light in the hip roof. ............................... $762.00.

At the conference in New York, Helie was told that the roof was practically finished; that it would probably take a half a day with two carpenters to complete it. Helie thereupon agreed to cut the price for the roof which brought the bid down to $2,100. The conference lasted until late in the evening and no stenographer being present it was agreed that a contract should be drawn up and sent to Helie at Lebanon. When Helie and his men arrived on the job he found that the roof was not on. A copy of the contract had arrived which by its terms the Andover Associates claims obligates the contractor to construct the roof and do the other work for the sum of $2,100.

When Helie found that the roof had not been constructed he decided to take his men off the job but he was told by Mr. Thompson, foreman for the contractor, that "he might as well stay and build up the roof and we will pay you the price of your bid." Following this conversation Helie and his men went to work and constructed the roof in a manner satisfactory to the contractor and in accordance with the original specifications with the government. During the progress of its construction Mr. Teck, secretary of the Andover Associates, who drew up the contract with Helie, was in Lebanon on one or more occasions and inspected the work on the roof as it progressed.

There was a provision in the contract as drawn that it could not be modified, altered or changed, except in writing by an officer of the general contractor. There was, however, evidence from which the jury could find a waiver of the above provision of the contract.

The evidence disclosed that Helie had been paid by the Andover Associates, Inc., $2,040, leaving $60 on the contract unpaid. It also disclosed that two small items of extra work, authorized by Thompson, were performed amounting to $34.02. These extra items were not disputed. It thus appears that the jury in making up their verdict allowed items as follows:

| | |
|---|---|
| Unpaid balance | $ 60.00 |
| Construction of roof | 700.00 |
| Extra labor | 34.02 |
| Total verdict | 794.02 |

There is no specific mention made of the roof in the contract with Helie but it does provide that he shall do the "wood work" under Section 26 of the Government contract, which relates to the construction of the roof. Construing the two contracts together the defendant claims that the contract with Helie provided for the entire construction of the roof.

It appears that at the conference in New York, attention was called to the fact that the entire roof had not been finished and that some more work was necessary to complete it. The draftsman of the contract may well have thought it necessary to include the roof in the contract because of its incomplete condition. It is hardly possible that after his statements to the subcontractor in New York that he expected the contract to cover the entire roof and when it was found that the work had not progressed as understood it was a matter of further consideration between the parties.

The work was completed by the subcontractor, accepted, and he should have his pay for it.

Apparently the jury found there was a mistake in including the entire roof and I am not inclined to disturb their findings.

During the progress of the work Helie was required to render a detailed account of the hours of labor performed each week and the amount to be paid therefor. These time sheets with the cost of the labor were introduced in evidence. The total of these weekly payrolls amount to $2,523.

By adding to the amount of the verdict which was $794.02, the amount Helie has already received, two thousand and forty dollars, we arrive at a total of $2,834.02. Subtracting from this the amount shown on the payrolls, $2,523, it shows a profit of $311.02.

The defendant contends that under the terms of the statute and the bond, a subcontractor is not entitled to profits. It is argued that recovery can be had only for labor and materials furnished. We think the point is well taken.

The statute provides in part as follows: "Every person who has furnished labor or material in the prosecution of the work provided for in such contract * * * and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed * * * for which such claim is made, · shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execu-

tion and judgment for the sum or sums justly due him." 40 U.S.C.A. § 270b.

While numerous cases have been examined that hold the statute is to be liberally construed, I have found no case holding that a subcontractor can recover profits from a bonding company under a surety bond such as the one in suit.

In the case of Theobald-Jansen Electric Company v. P. H. Meyer Company et al., 8 Cir., 77 F.2d 27, 30, it is said: "That profits, even though they be fixed by contract, cannot be recovered on a bond guaranteeing the payment of labor and material bills has long since been settled by the Supreme Court of the United States." United States, to the Use of Hill v. American Surety Company of New York, 200 U.S. 197, 26 S.Ct. 168, 50 L.Ed. 437; Hardaway v. National Surety Company, 211 U.S. 552, 29 S.Ct. 202, 53 L.Ed. 321.

An examination of the time sheets shows Helie's services were included. The sheets were introduced in evidence without objection and admittedly disclosed all labor performed and cost of the same.

Under the statute, as I construe it, and the terms of the bond, recovery must be limited to the amount of the labor performed.

The judgment entered November 10, 1939, is brought forward, vacated, and judgment entered for the plaintiff in the sum of $483.02 with interest from the date of the petition and costs.

It is so ordered.